ACCEPTED
12-14-00005-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/3/2015 12:10:35 AM
CATHY LUSK
CLERK

Cause No. 12-14-00005-CR

In the Court of Appeals for the
Twelfth Judicial District at Tyler, Texas

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/3/2015 12:10:35 AM
CATHY S. LUSK
Clerk

Joseph Finley,
Appellant

v.

FILED
3/3/2015
Twelfth Court of Appeals
Cathy Lusk
Clerk

State of Texas,
Appellee

On Appeal from Cause No. 2013-0140 in the 217th
Judicial District Court of Angelina County, Texas

**State's Brief**

April Ayers-Perez
Assistant District Attorney
Angelina County D.A.'s Office
P.O. Box 908
Lufkin, Texas 75902
(936) 632-5090 phone
(936) 637-2818 fax
State Bar No. 24090975
aperez@angelinacounty.net

**Oral Argument Not Requested**

## Identity of Parties and Counsel

Joseph Finley, Appellant

John Reeves
Counsel for Joseph Finley (trial)
1007 Grant Ave.
Lufkin, Texas 75901

John Tunnell
Counsel for Joseph Finley (appeal)
P.O. Box 414
Lufkin, Texas 75902

Layne Thompson
Attorney for the State (trial)
Angelina County District Attorney's
   Office
P.O. Box 908
Lufkin, Texas 75902

April Ayers-Perez
Attorney for the State (appeal)
Angelina County District Attorney's
   Office
P.O. Box 908
Lufkin, Texas 75902

# Table of Contents

Identity of Parties and Counsel ...............................................................................ii

Table of Contents .................................................................................................iii

Index of Authorities ............................................................................................. v

Statement Regarding Oral Argument.......................................................................vii

Issues Presented .................................................................................................vii

Statement of Facts .............................................................................................. 1

Summary of the Argument....................................................................................... 4

Argument .......................................................................................................... 5

**Reply Issue #1: The evidence is legally sufficient, beyond a reasonable doubt, to support the Appellant's conviction for Aggravated Robbery** ........................................................................... 5

    Applicable law........................................................................................... 5

    Standard of Review ................................................................................... 6

    The identification of the defendant was permissible........................... 8

**Reply Issue #2: Appellant's verdict of conviction was made in open court in front of Appellant and no fundamental error has occurred** ................................................................................... 9

Prayer ........................................................................................................... 10

Certificate of Compliance .................................................................................. 11

Certificate of Service ........................................................................ 11

# Index of Authorities

**Cases** Page

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2012) ....................................... 8

*Curry v. State*, 30 S.W.3d 394 (Tex. Crim. App. 2004) .......................................... 7

*Harris v. State*, 827 S.W.2d 949 (Tex. Crim. App. 1992) ....................................... 6

*Jackson v. Virginia*, 443 U.S. 307 (1979) ............................................................... 7

*Loserth v. State*, 963 S.W.2d 770 (Tex. Crim. App. 1998) .................................. 8, 9

*Loserth v. State*, 985 S.W.2d 536 (Tex. App.—San Antonio 1998) ..................... 8, 9

*Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997) ........................................ 7

*Manson v. Brathwaite*, 432 U.S. 98 (1977) ............................................................. 6

*Temple v. State*, 390 S.W.3d 341 (Tex. Crim. App. 2013) ...................................... 8


**Statutes**

Tex. Pen. Code Ann. § 29.02(a)(2) (West 2011). ..................................................... 6

Tex. Pen. Code Ann. § 29.03(a)(3)(A) (West 2011). ................................................ 6

Tex. Code Crim. Proc. Ann. art. 37.06 (West 2011). ............................................. 10

**Rules**

Tex. R. App. P. 39.1.....................................................................................vii

## Statement Regarding Oral Argument

Pursuant to Tex. R. App. P. 39.1, the State feels oral argument is unnecessary, as the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

## Issues Presented

**Reply Issue #1:** The evidence is legally sufficient, beyond a reasonable doubt, to support the Appellant's conviction for Aggravated Robbery.

**Reply Issue #2:** Appellant's verdict of conviction was made in open court in front of Appellant and no fundamental error has occurred.

**Statement of Facts**

On November 17, 2012 Shirley Williamson and her daughter, Amy Lair, went shopping at Beall's Department Store at the Lufkin Mall.[1] After shopping, while walking to their car, Williamson noticed a young, black man standing at the door as they exited the mall, and that man began to follow them.[2] Although Williamson was unable to get a good look at the man, she did notice, when he grabbed her purse, that he was wearing a black jacket.[3] Lair, however, got a much better look at the man as they were leaving the mall.[4] The man was about ten feet from Lair and was wearing a black jacket, blue jeans, and a purple and white hat.[5] When the man robbed Williamson, Lair stated that he was wearing the same purple hat and black jacket, and that is how she was able to identify the robber as the same person whom she saw as she was leaving the mall.[6] As Williamson and Lair were walking to their car the man "reached his hand around my right side and grabbed my purse, pulled me to the ground, and started dragging me because I wouldn't let go of the purse."[7] Williamson eventually let go of the purse after it

---

[1] II R.R. at 22.
[2] *Id.* at 23.
[3] *Id.* at 24.
[4] *Id.* at 42.
[5] *Id.* at 42-43.
[6] *Id.* at 45.
[7] *Id.* at 24.

was jerked out of her hands because the robber was stronger than her.[8] Williamson suffered from physical pain when she landed on her right shoulder and right knee, resulting in scrapes to her knee and a fracture of her right shoulder.[9] The robber was successful in taking Williamson's purse, which included her billfold, credit cards, cash, and a checkbook.[10] Eventually, one of the checks that was stolen from Williamson, identified as check number 9753, turned up at a local establishment.[11] The check, which Williamson had signed and left blank for future use, now had the name "Joseph Finley" written into the payee line.[12] Not only had Williamson never written a check to anybody named Joseph Finley, but she did not even know anybody named Joseph Finley prior to this incident.[13] One of the credit cards in Williamson's purse that was stolen was also recovered after it was used at a local grocery store.[14] Officer Hennigan of the Lufkin Police Department contacted the local grocery store and was able to receive the date of birth of the person who used the credit card stolen from Williamson.[15] That date of birth tracked back to a "Joseph Finley" in the Lufkin Police Department database.[16] Detective Standridge

---

[8] *Id.* at 35.
[9] *Id.* at 24-27.
[10] *Id.* at 27.
[11] *Id.* at 29-30.
[12] *Id.* at 30-31.
[13] *Id.* at 31.
[14] *Id.* at 71.
[15] *Id.* at 74.
[16] *Id.*

of the Lufkin Police Department viewed the surveillance tapes from the local grocery store where Williamson's credit cards were used and identified the Appellant, as well as a Trent Land, as the two people using Williamson's credit card.[17]

In December 2012, a month after the robbery occurred, Lair learned through the local newspaper, the Lufkin Daily News, that a man had been arrested for similar robberies and had been charged with the robbery on Williamson.[18] The man identified in the newspaper was the Appellant, Joseph Finley.[19] A picture of Finley also appeared in the paper, but because of the quality and appearance of the picture, Lair was unable to conclusively identify the Appellant from the photograph in the newspaper.[20] A few months later Lair was asked by Detective VanEman to look at a photo lineup to try and identify the person who robbed Williamson in front of Lair.[21] Detective VanEman had been asked by Detective Standridge to show Lair the photo lineup.[22] Detective VanEman was not aware of who the suspect was in the lineup, and showed Lair the lineup in his office.[23] Lair identified one of the photographs of being the person who she believed to be who

---

[17] *Id.* at 102-03.
[18] *Id.* at 47.
[19] *Id.* at 48.
[20] *Id.*
[21] *Id.* at 48-50.
[22] *Id.* at 66.
[23] *Id.* at 65-66.

robbed Williamson, and the person she identified was the Appellant.[24] Lair then went on to identify the person who robbed Williamson as the Appellant by making a courtroom identification of him.[25] Lair clarified that, although she saw the Appellant's picture in the newspaper prior to the photo lineup, it did not affect her identifying the Appellant from the photo lineup because of the quality of the picture in the newspaper and the difference of appearance in the Appellant.[26]

Shortly before the Non-Jury Trial of the Appellant, Larry Cosby met with the Appellant and the Appellant confessed to the aggravated robbery.[27] Appellant stated that he and Land were short on money and Land told the Appellant to take him to the mall so he could "hit a lick".[28] The Appellant told Cosby that he dropped Land off at the mall and picked him up after the robbery.[29] When asked what "hit a lick" meant the Appellant stated that it meant something illegal was about to occur.[30]

---

[24] *Id.* at 50-51; *See* State's Exhibit 6.
[25] *Id.* at 52.
[26] *Id.* at 57-58.
[27] *Id.* at 108-09.
[28] *Id.* at 109.
[29] *Id.* at 109-10.
[30] *Id.* at 110.

When the Appellant took the stand he admitted to using the credit cards to buy cigarettes that he could trade for marijuana and cocaine.[31]  Appellant also stated that "hit a lick" meant to get some money when you need it.[32]

## Summary of the Argument

There was legally sufficient evidence to support a conviction of the Appellant.  The Appellant was identified by an eyewitness, the daughter of the victim, as the person who knocked down and dragged the victim, while stealing her purse.  Since then, the Appellant was caught by law enforcement using the credit cards and check of the victim that was located in her purse when the purse was stolen from her.

The identification of the Appellant was permissible.  Although the eyewitness saw the Appellant's picture in the newspaper associated with the robbery of her mother, that did not affect the eyewitnesses identification of the Appellant.  The eyewitness speaks to the differences between the newspaper photograph of the defendant and how the defendant looked that night, and identified the photograph in the photo lineup of the Appellant not based on the picture in the newspaper but based on what the eyewitness saw at the time of the aggravated robbery.

---

[31] *Id.* at 115-16.
[32] *Id.* at 120.

The Appellant heard the verdict read in open court. The verdict was read at the beginning of the sentencing, and Appellant's fundamental rights were not violated because he was present for the reading of the verdict.

**Argument**

**Reply Issue #1: The evidence is legally sufficient, beyond a reasonable doubt, to support the Appellant's conviction for Aggravated Robbery.**

*Applicable Law*

A person commits an offense if, in the course of committing theft, he intentionally or knowingly threatens or places another in fear of imminent bodily or death.[33] This offense is aggravated if it causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is 65 years of age or older.[34]

While due process of law generally prohibits the admission of testimony in regards to identification that is inherently unreliable, "if the identification testimony follows unnecessarily suggestive pretrial procedures, that testimony will still be admissible if the totality of the circumstances indicates that the testimony is reliable."[35]

---

[33]  Tex. Pen. Code Ann. § 29.02(a)(2) (West 2011).
[34]  Tex. Pen. Code Ann. § 29.03(a)(3)(A) (West 2011).
[35]  *Harris v. State*, 827 S.W.2d 949, 959 (Tex. Crim. App. 1992); *citing Manson v. Brathwaite*, 432 U.S. 98,113-114 (Tex. Crim. App. 1977).

*Standard of Review*

Sufficiency of the evidence in a bench trial is measured by a standard analogous to the "hypothetically correct jury charge" standard, which includes the statutory elements of the offense as modified by the charging instrument.[36] Such a charge would be one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried."[37]

In this case, the charging instrument (indictment) alleged:

> Defendant, on or about the 17th day of November, A.D. 2012, … did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to Shirley Williamson, a person 65 years of age or older, by pulling her to the ground as he stole her purse[38]

The State must prove every element of the crime charged beyond a reasonable doubt.[39] In reviewing the legal sufficiency of the evidence to support a conviction, the court considers the evidence in the light most favorable to the verdict to determine whether the fact-finder was rationally justified in finding guilt

---

[36] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2004).

[37] *Malik,* 953 S.W.2d at 240.

[38] C.R. at 17.

[39] *Jackson v. Virginia*, 443 U.S. 307, 313-14 (1979).

beyond a reasonable doubt.[40]  When evaluating the sufficiency of the evidence, the court must presume the trier of fact resolved any conflicts in the evidence in favor of the verdict and defer to that resolution.[41]

A criminal conviction may be based upon circumstantial evidence and circumstantial evidence alone can be sufficient to establish guilt.[42]  In circumstantial evidence cases, not every fact and circumstance needs to point "directly and independently to the defendant's guilt."[43] If the conclusion is supported by the "combined and cumulative force" of all the incriminating circumstances, the evidence is sufficient to establish guilt.[44]  When reviewing an in-court identification issue, almost total deference is given to the trial court's determination of historical facts when they are based on credibility or demeanor, or application of law to facts when they are based on credibility or demeanor.[45] Application of law to facts not based on credibility or demeanor – and questions of law – are reviewed *de novo*.[46]

---

[40]  *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).
[41]  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2012).
[42]  *Temple*, 390 S.W.3d at 359.
[43]  *Id.*
[44]  *Id.*
[45]  *Loserth v. State*, 963 S.W.2d 770, 772 (Tex. Crim. App. 1998) (*Loserth I*).
[46]  *Id.*

The defendant bears the burden of determining both elements of an impermissible in-court identification by clear and convincing evidence.[47]

*The Identification of the Defendant was Permissible*

The totality of the circumstances show that the identification of the Appellant was not impermissible. Although there was some time between when the eyewitness, Lair, saw the Appellant and when she identified him in a lineup, the actual lineup was conducted by a law enforcement officer with no knowledge of the case, and Lair picked Appellant out of a lineup that was given to her one and by one and in which she did not know if the suspect was in it or not.[48] Furthermore, the picture of the Appellant in the lineup was not the same photograph as appeared in the local newspaper that the eyewitness saw, the quality and clarity of the photograph is much different between the two.[49]

The eyewitness was able to look at the Appellant for a few seconds or longer when walking out of the mall because the eyewitness said help and exchanged pleasantries with the Appellant. It is at that time that the eyewitness was able to make an identification of the Appellant, and saw an individual with the same

---

[47] *Loserth II*, 985 S.W. 2d at 543.
[48] II R.R. at 65.
[49] *Id.*

clothes as the Appellant steal her mother's purse and drag her mother along the ground.[50]

**Reply Issue #2: Appellant's verdict of conviction was made in open court in front of Appellant and no fundamental error has occurred.**

A defendant is required to be present, in a felony case, when the verdict is read unless his absence is either willful or voluntary.[51] The Appellant was present in court when the verdict of conviction against him was read. The first time the Court read the verdict was prior to the sentencing phase of the trial, and the Appellant was present in the courtroom when the verdict was read for the first time. As such, no fundamental error has occurred.

---

[50] *Id.*

[51] TEX. CODE CRIM. PROC. ANN. art. 37.06 (West 2011).

## Prayer

The State of Texas prays that this Court of Appeals affirm the judgment of the trial court.

Respectfully Submitted,

 /s/ April Ayers-Perez
Assistant District Attorney
Angelina County D.A.'s Office
P.O. Box 908
Lufkin, Texas 75902
(936) 632-5090 phone
(936) 637-2818 fax
State Bar No. 24090975
ATTORNEY FOR THE
STATE OF TEXAS

**Certificate of Compliance**

I certify that this document contains 2,080 words, counting all parts of the document except those excluded by Tex. R. App. P. 9.4(i)(1). The body text is in 14 point font, and the footnote text is in 12 point font.

 /s/ April Ayers-Perez

**Certificate of Service**

I certify that on March 2, 2015, a true and correct copy of the above document has been forwarded to John Tunnell, counsel for Joseph Finley on appeal, at P.O. Box 414, Lufkin, Texas, 75902, via electronic service through efile.txcourts.gov.

 /s/ April Ayers-Perez